UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARLO S. CLARK, et al, | : | |
| | : | |
| Plaintiffs, | : | Civ. No. 14-2332 (RBK) (AMD) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| CAMDEN COUNTY DEPPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

Plaintiffs, Carlo S. Clark and Salahuddin F. Smart, are proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiffs' allegations arise from a purported unconstitutional strip search that occurred while both Clark and Smart were incarcerated at the Camden County Correctional Facility on March 18, 2014.

When more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single 400.00 filing fee or seek *in forma pauperis* status. *See Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Hood v. Cumberland Cnty. Dep't of Corrs.*, No. 12-6395, 2013 WL 1593349 at *1 n.2 (D.N.J. Apr. 12, 2013); *McGeachy v. Aviles*, No. 10-3562, 2011 WL 1885938, at *2 (D.N.J. May 18, 2011). In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400.00 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf. *See Hagan*, 570 F.3d at 154-55.

Both Clark and Smart have submitted applications to proceed *in forma pauperis*. However, Clark's application is incomplete. A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also

1

submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Clark's application to proceed *in forma pauperis* will be denied without prejudice. He has not submitted a certified copy of his prisoner account statement. Therefore, his application to proceed *in forma pauperis* is incomplete and he will be administratively terminated as a plaintiff in this case at this time.[1]

Smart's application to proceed *in forma pauperis* is complete and will be granted based on the information provided therein. Accordingly, the Clerk will be ordered to file the complaint.

Upon screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), the Court has determined that Smart's complaint shall be permitted to proceed against the defendants in the complaint.

---

[1] It is also worth noting that Clark has not kept the Court apprised of his current address in violation of the local rules. *See* L.Civ.R. 10.1(b) ("[U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").

Smart has requested that this Court certify this matter as a class action. To satisfy Federal Rule of Civil Procedure 23(a), (1) the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class" (typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy of representation, or simply adequacy). FED. R. CIV. P. 23(a). "[T]he requirements set out in Rule 23 are not mere pleading rules." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 316 (3d Cir. 2009). The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence. *See id.* at 307.

The Third Circuit has explained that there is no minimum number of members needed for a suit to proceed as a class action. *See Marcus v. BMW of North America, LLC*, 687 F.3d 583, 595 (3d Cir. 2012) (citing *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)). However, where a named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met. *See id.* (citing *Stewart*, 275 F.3d at 226-27). In this case, Smart has failed to demonstrate that the numbers of potential plaintiffs necessitates classifying this case as a class action. The complaint attaches twelve affidavits, but the affidavits do not indicate that the numbers of potential plaintiffs are too numerous (such as over forty) to warrant classifying this case as a class action. Additionally, and perhaps more importantly, the precise reasons for the strip search of each potential plaintiff and the subsequent acts taking place during each particular strip search may affect the commonality of any potential class. Finally, it is worth noting that *pro se* litigants are generally not appropriate as class representatives and Smart

3

is proceeding *pro se* in this case. *See Hagan*, 570 F.3d at 159. Thus, for the foregoing reasons, Smart's request for class certification will be denied without prejudice at this time.

Smart has also requested the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curaim) (reiterating the *Tabron* factors).

Analyzing all of these factors, the Court will deny Smart's request for the appointment of counsel without prejudice. The complaint has now been screened, but it is still difficult to analyze the *Tabron* factors at this early stage. *See Miller v. New Jersey Dep't of Corr.*, No. 08-3335, 2009 WL 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000)). Furthermore, it is worth noting that the complaint is relatively easy to follow as the claims are based on a strip search that took place on one day at the prison. Additionally, the claims are not overly complex, may ultimately not need expert testimony and Smart is now no longer incarcerated.

Accordingly, IT IS this   10th   day of   April,   2015,

ORDERED that plaintiff Carlo S. Clark's application to proceed *in forma pauperis* is denied without prejudice and he is administratively terminated from this case as a plaintiff; and it is further

ORDERED that plaintiff Salahuddin F. Smart's application to proceed *in forma pauperis* is granted and the Clerk shall file the complaint;

ORDERED that pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue a summons and the U.S. Marshal shall serve the summons and copies of the complaint and this Order upon the defendants, with all costs of service advanced by the United States; and it is further

ORDERED that the defendants shall file and serve a responsive pleading within the time specified by FED. R. CIV. P. 12; and it is further

ORDERED that plaintiff Smart's requests for class certification and appointment of counsel are denied without prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on plaintiff Smart and Clark by regular U.S. mail.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge