IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

SALAHUDDIN F. SMART

    Plaintiff,

v.

CAMDEN COUNTY DEPT. OF
CORRECTIONS, et al.

    Defendants.

Civil No.
1:14-cv-02332 (RBK/AMD)

**OPINION**

**KUGLER**, United States District Judge:

This matter arises upon Defendants Camden County Department of Corrections, Warden David S. Owens, Lt. Reimer, Lt. Adkins, Sgt. McCarthy, Camden County Board of Chosen Freeholders, Sgt. Schutts, Sgt. Grunlock, Corrections Officer Sharper, Corrections Officer Iembsea, and Scot McCray's ("Defendants") motion for summary judgment. For the reasons set forth in the opinion below, this motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff Salahuddin F. Smart ("Plaintiff") and co-plaintiff, Carlo S. Clark,[1] filed suit *pro se* on April 11, 2014.[2] They alleged Fourth Amendment violations stemming from a strip-search that occurred on March 18, 2014, while both were inmates at Camden County Correctional

---

[1] Mr. Clark was administratively terminated from this case on April 10, 2015. *See* Doc. No. 9.
[2] Plaintiff did not oppose Defendants' motion for summary judgment. As such, the Court takes his version of the facts from the complaint, supplemented by his deposition testimony. *See* Compl.; Def. Br. Ex. C.

Facility. *See* Def. Br. at 1; Compl. Ex. A. Plaintiff and Mr. Clark sought money damages, injunctive relief, and class status. *Id.*

On March 18, 2014, Corrections Officer Sharper told Sgt. McCarthy that an inmate had passed a note stating "Carlitto" was in possession of razor blades. *See* Def. Br. at 2; Def. SUMF at 1; Def. SUMF Ex. C. Sgt. McCarthy informed his supervisor, Lt. Adkins, of the situation; Lt. Atkins instructed Sgt. McCarthy to "shakedown" the entire housing block and look for the weapons described. *See* Def. SUMF at 1-2. Inmates housed in 3 South B block and 4 South B block, including Plaintiff, were individually strip-searched.[3] *Id.* During the shakedown, Corrections Officer Sharper found a razor blade in a different inmate's cell. *Id.*

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact

---

[3] County Department of Corrections General Order 033 sets forth the policy for strip-searches, and requires them when there is a "reasonable suspicion" that an inmate may be concealing a weapon. *See* Def. SUMF at 2.

and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. ANALYSIS

There is no Fourth Amendment right to be free from strip-searches in prison, as long as the search is conducted reasonably. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). The question of reasonableness depends upon a balancing of the requisite personal invasion versus the need for the strip search. *Parkell v. Danberg, et al*, 833 F.3d 313, 326 (3d Cir. 2016) (citing *Bell*, 441 U.S. at 559); *see also Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 326 (2012). Procedures that are, for example, vindictive or excessive could potentially constitute Fourth Amendment violations, but "the contours of prisoners' Fourth Amendment rights" are "very narrow." *Parkell*, 833 F.3d at 326.

There is no factual dispute that a strip-search took place here. *See* Compl.; Def. SUMF at 1. Instead, the question is whether Plaintiff has offered any evidence that creates a genuine issue for trial. He has not—the record taken as a whole could not lead a rational trier of fact to find for Plaintiff. *Zenith Radio Corp*. 475 U.S. at 587. Plaintiff has offered no evidence of an

unreasonable search. Instead, Plaintiff alleges that the strip-search was unreasonable because Defendants did not have a reasonable belief that Plaintiff—specifically—was hiding any contraband. *See* Compl.; Def. SUMF Ex. B at 2. This argument fails. Defendants had a reasonable belief that weapons were present in the relevant housing blocks because of information that they received. Def. SUMF at 1-2. Defendants acted on that reasonable suspicion and found a weapon. *Id.* Defendants' decision to search was reasonable, the searches were conducted in a reasonable manner, and the need for the search vastly outweighed the search's invasion on Plaintiff's privacy. Plaintiff has offered no evidence suggesting otherwise, and thus has failed to demonstrate that there is any genuine issue for trial. *Anderson*, 477 U.S. at 256.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED.**

Dated:   09/21/2017                                                  s/Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge